UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EMPLOYERS INSURANCE COMPANY
OF WAUSAU,

                            Plaintiff,

    -against-

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

                           Defendant.
------------------------------------------------------------x



08 CIV 6565

Civil Action No.

Judge McMahon

RECEIVED
COMPLAINT
JUL 24 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**M A D A M/S I R S:**

Plaintiff EMPLOYERS INSURANCE COMPANY OF WAUSAU ("Wausau"), by its attorneys, JAFFE & ASHER LLP, as and for its complaint against defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("National Union"), alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amounts in controversy exceed the sum of $75,000 exclusive of costs. This is an action for a declaration of rights under certain insurance policies and for monetary damages based on reimbursement due from a co-insurer.

2.     At all times hereinafter mentioned, Wausau was, and still is, a stock insurance company organized under the laws of the State of Wisconsin, with its principal place of business located at 2000 Westwood Drive, Wausau, Wisconsin.

1

3. At all times hereinafter mentioned, Wausau was, and still is, an insurance company duly authorized to conduct business within the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, National Union was, and still is, an insurance company organized under the laws of the State of Pennsylvania, with its principal place of business located at 70 Pine Street, New York, New York 10270.

5. Upon information and belief, at all times hereinafter mentioned, National Union was, and still is, an insurance company duly authorized to conduct business within the State of New York.

6. Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391.

## SUBSTANTIVE ALLEGATIONS

7. Upon information and belief, on or about February 13, 2007, Barbara Scelzo ("Scelzo") commenced an action entitled <u>Barbara Scelzo v. Acklinis Realty Holding LLC, Acklinis Yonkers Realty, LLC, Best Buy Co. Inc., Best Buy Stores, L.P., and Lewiston Construction Companies, LLC</u>, Index No 7654/07, in the Supreme Court of the State of New York, County of Bronx, Index No. 7654/2007 (the "Underlying Action").

8. Upon information and belief, Best Buy Co. Inc. ("Best Buy") was and remains a defendant in the Underlying Action.

2

9. Upon information and belief, Scelzo alleges that on August 7, 2004, she was walking on the sidewalk in front of the Best Buy store at 2458 Central Park Avenue, Yonkers, New York, when she lost her balance and fell over an unguarded, unleveled and hazardous tree well, located on the sidewalk.

10. Upon information and belief, Scelzo alleges that as a consequence of the fall she sustained severe injuries.

11. Upon information and belief, Scelzo alleges that Lewiston Construction Companies ("Lewiston") built, placed, repaired, replaced and created the sidewalk and all the tree wells including the tree well in front of the Best Buy store.

12. Upon information and belief, Lewiston was hired by Best Buy to install the sidewalk including the tree wells at the location where Scelzo's alleged accident occurred.

13. Upon information and belief, Scelzo alleges that her accident was a result of the negligence and carelessness of the defendants, including Best Buy, in causing and allowing the tree well to become and remain in a defective hazardous and unsafe condition, and specifically in failing to ensure that there was a sufficient number and adequate placement of wood chips in the tree well so that the tree well would be level with the surrounding sidewalk.

14. Upon information and belief, in Scelzo's Verified Bill of Particulars, dated July 23, 2007, she claims that her accident occurred at a tree well, located in front of the Best Buy store.

15. On or about September 28, 2000, Acklinis Yonkers Realty LLC ("Acklinis Yonkers"), as landlord, and Best Buy, as tenant, entered into a lease agreement (the "Lease") for improved real property on Central Park Avenue, Yonkers, New York.

16. According to the Lease, Best Buy was to demolish the existing tenant's space and construct a new building.

17. Pursuant to the Lease, Best Buy was to obtain and keep in force at its expense for the term of the Lease Commercial General Liability insurance with a combined single limit of Three Million Dollars ($3,000,000) for each occurrence.

18. Pursuant to the Lease, Best Buy agreed to include Acklinis Yonkers as an additional insured on its Commercial General Liability policy.

19. Best Buy caused a Certificate of Liability Insurance, dated February 26, 2004, to be issued to Acklinis Yonkers as Certificate Holder, which certificate represents that (1) National Union issued both a general liability policy and excess liability policy to Best Buy; and (2) Acklinis Yonkers is included as an additional insured on these policies.

20. National Union issued a Commercial General Liability policy, No. GL 480-62-02, to Best Buy, with a policy period from March 1, 2004 to March 1, 2005 (the "National Union Policy").

21. The National Union Policy contains an endorsement entitled "Additional Insured – Where Required Under Contract or Agreement", which provides as follows:

4

**Section II – Who is an Insured**, 1., is amended to add:

f) Any person or organization to whom you become obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into which requires you to furnish insurance to that person or organization of the type provided by this policy, but only with respect to liability arising out of your operations or premises owned or rented to you. However, the insurance provided will not exceed the less of:

1. The coverage and/or limits of this policy, or
2. The coverage and/or limits required by said contract or agreement.

22. Pursuant to the terms of the National Union Policy, Acklinis Yonkers is an additional insured for the claims alleged in the Underlying Action.

23. Wausau issued a Commercial General Liability policy, No. TBC-Y91-509212-023, to Ackerman Family Properties, with a policy period from December 1, 2003 to December 1, 2004 (the "Wausau Policy").

24. Acklinis Yonkers is a Named Insured under the Wausau Policy.

25. Pursuant to the terms of the Wausau Policy, Wausau has been providing and paying for Acklinis Yonkers' defense of the claims alleged in the Underlying Action.

26. The Wausau Policy contains an applicable "Other Insurance" provision that provides, in relevant part, as follows:

    a. **Primary Insurance**

This insurance is primary except when b. below applies. . . .

    b.    **Excess Insurance**

This insurance is excess over:

* * *

2.    Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

27.    Upon information and belief, the National Union Policy contains an "Other Insurance" provision that provides, in relevant part, as follows:

    a.    **Primary Insurance**

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then we will share with all other insurance by the method described in c. below, except that we will not seek contribution from any party with whom you have agreed in a written contract that this insurance will be primary and noncontributory, if the written contract or agreement was made prior to the subject "bodily injury", "property damage", or "personal and advertising injury".

28.    Upon information and belief, sub-paragraph b of the "Other Insurance" provision of the National Union Policy does not apply to the Liberty Mutual Policy with respect to coverage for Acklinis Yonkers for the Underlying Action.

29.    By letter dated August 7, 2006, Wausau tendered the defense and indemnity of Acklinis Yonkers to Best Buy and its insurance carriers.

30.    By letter dated August 18, 2006, Ace ESIS ("Ace") acknowledged receipt of the tender on behalf of National Union, but stated that they needed to investigate the matter and were not in a position to accept Wausau's tender.

31. By letter dated December 28, 2006, Wausau wrote to Ace stating that it had been months since Wausau tendered Acklinis Yonkers' defense and indemnity and requested a response to Wausau's tender within 10 days.

32. By letter dated January 3, 2007, Ace advised that they were not in a position to accept Wausau's tender.

33. By letter dated January 10, 2007, Wausau acknowledged receipt of Ace's correspondence and provided more information regarding Acklinis Yonkers' rights as an additional insured under the National Union Policy.

34. By letter dated January 31, 2007, Ace continued to refuse to accept Wausau's tender.

35. By letter dated February 14, 2008, addressed to Kathryn Fitzgerald, Esq. of Simmons, Jannance & Stagg, LLP, counsel for Best Buy in the Underlying Action, Wausau asserted that Best Buy had failed to address whether these entities qualified as additional insureds under Best Buy's policy of insurance and whether Best Buy would accept the defense of these entities as additional insureds on the policy.

36. By letter dated February 15, 2008, Wausau forwarded the February 14, 2008 correspondence directly to National Union demanding coverage.

37. Neither National Union nor Best Buy have ever addressed Wausau's tender of coverage for Acklinis Yonkers as an additional insured under the National Union Policy.

38.   National Union continues to fail and refuse to provide a primary defense and indemnity to Acklinis Yonkers as an additional insured under the National Union Policy for the Underlying Action.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (For Declaratory Judgment)

39.   Wausau repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" though "38" of this Complaint as if more fully set forth herein.

40.   Although duly requested, National Union has failed and refused to defend and indemnify Acklinis Yonkers for the claims alleged in the Underlying Action.

41.   Upon information and belief, the National Union Policy provides primary liability insurance coverage to Acklinis Yonkers for the claims alleged in the Underlying Action, and the Wausau Policy provides coverage excess of that provided by the National Union Policy to Acklinis Yonkers.

42.   Upon information and belief, National Union waived and/or is estopped from asserting application of some or all of the policy conditions and exclusions in the National Union Policy.

43.   As a result of National Union's breach of its coverage obligations, Wausau has been forced to drop down and provide a defense to Acklinis Yonkers for the claims alleged in the Underlying Action.

44.   Wausau seeks a determination of its rights with respect to the National Union Policy, and it seeks a declaratory judgment that National Union is required

to provide a defense and indemnity to Acklinis Yonkers and that coverage under the Wausau Policy is excess over the coverage afforded by National Union under the National Union Policy for the Underlying Action.

45. Wausau has no adequate remedy at law.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### (For Recovery of Co-Insurance)

46. Wausau repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" though "45" of this Complaint as if more fully set forth herein.

47. As a result of National Union's failure and refusal to acknowledge its duty to defend Acklinis Yonkers for the Underlying Action, Wausau has been required to provide a defense for Acklinis Yonkers for the Underlying Action.

48. Wausau has incurred and paid substantial attorneys' fees and other costs in defending Acklinis Yonkers in the Underlying Action, and continues to incur costs to defend it in the Underlying Action.

49. As a result of the foregoing, Wausau is entitled to a money judgment against National Union in an amount equal to what it incurred to defend Acklinis Yonkers in the Underlying Action, in an amount to be determined by the Court, plus interest.

**WHEREFORE**, plaintiff EMPLOYERS INSURANCE COMPANY OF WAUSAU demands judgment against defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. as follows:

1. On the first claim for relief, a declaratory judgment that National Union is required to provide a defense and indemnity to Acklinis Yonkers for the Underlying Action and that coverage under the Wausau Policy is excess over the coverage afforded by National Union under the National Union Policy;

2. On the second claim for relief, awarding a money judgment against National Union and in favor of Wausau in an amount to be determined by the Court, plus interest; and

3. Granting Wausau recovery of the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 22, 2008

Yours, etc.,

JAFFE & ASHER LLP

By: *Nancy I. Margolin*
Marshall T. Potashner (MTP-3552)
MPotashner@jaffeandasher.com
Nancy I Margolin (NM-2013)
NMargolin@jaffeandasher.com
Attorneys for Plaintiff
EMPLOYERS INSURANCE COMPANY OF WAUSAU
600 Third Avenue, 9TH Floor
New York, New York 10016
(212) 687-3000